**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 97-4127

BYRON D. BLACK,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, Chief District Judge.
(CR-96-176-F)

Submitted: October 10, 1997

Decided: November 10, 1997

Before HAMILTON, LUTTIG, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William Arthur Webb, Federal Public Defender, G. Alan DuBois,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. Janice McKenzie Cole, United States Attorney, Anne M.
Hayes, Assistant United States Attorney, Raleigh, North Carolina;
Captain Christine R. Helms, Special Assistant United States Attorney,
OFFICE OF THE STAFF JUDGE ADVOCATE, Fort Bragg, North
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Byron D. Black appeals his conviction after a jury trial for driving while impaired in violation of 18 U.S.C.A. § 13 (West Supp. 1997), assimilating North Carolina law. Black alleges that the magistrate judge erred by allowing the Government to enter a police report into evidence in violation of Fed. R. Evid. 803(8)(B) and 801(d)(1)(B). For the reasons that follow, we affirm.

Testimony by Sergeant Young, a military policeman (MP), revealed the following. At approximately 3:00 a.m. on April 14, 1996, Young and another MP observed Black, driving a Pontiac, make several attempts to make a left turn over a curb. After these attempts failed, Black backed up to a traffic light; when the light turned red, he continued down the street. When the MPs stopped the car, Young smelled alcohol. Black admitted he had been drinking but stated he did not know how many beers he had consumed. After Black failed three field sobriety tests, in which the MPs had to hold him up several times to prevent him from falling, they attempted to handcuff him and take him to the station. Black screamed and cursed in Young's face and "made a swing" at him; it took three MPs to get him into the police vehicle. While en route to the MP station, Black was calm and appeared to recite Bible verses. At the station, Black refused to take a breath alcohol test on three separate occasions, each spaced thirty minutes apart. He also turned violent several times, yelling at and cursing the MPs, destroying a chair, banging on a plexiglass window, and pushing an MP up against a wall.

Following this testimony, but still during Young's direct testimony, the Government introduced an alcohol influence report (AIR) that Young had completed. The AIR is a checklist requiring an MP to describe a suspect's appearance, conduct, breath, attitude, and performance of sobriety tests. Black's counsel objected to the report being

2

entered into evidence because it was hearsay. The Government answered that it sought to introduce the AIR into evidence on the ground that it was a business record created in the normal course of business, an exception to the rule excluding hearsay. See Fed. R. Evid. 803(6). The magistrate judge conducting the trial admitted the AIR into evidence on that basis.

On appeal, the district court determined that the magistrate judge erred by allowing the AIR into evidence under Fed. R. Evid. 803(6), because Fed. R. Evid. 803(8), which allows certain public records and reports to be admitted as exceptions to the hearsay rule, specifically excludes records and reports "in criminal cases[where] matters [are] observed by police officers and other law enforcement personnel . . . ." Fed. R. Evid. 803(8)(B). Nonetheless, the district court found the error harmless, because the AIR essentially detailed events to which Young had already testified. Thus, the district court reasoned that, because the AIR was merely duplicative of Young's testimony,* it could not have affected the jury's verdict or prejudiced Black.

We review evidentiary rulings for an abuse of discretion, and such rulings are subject to a harmless error analysis. See United States v. Brooks, 111 F.3d 365, 371 (4th Cir. 1997). "In order to find a district court's error harmless, we need only be able to say with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." Id. (citation omitted). Without deciding whether the magistrate judge erred by admitting the AIR into evidence in violation of Rule 803(8), we find that any error was harmless. Given the extensive nature of Young's testimony regarding Black's drunken conduct and that the AIR merely bolstered this testimony, we find that any prejudice to Black was harmless. See Brooks , 111 F.3d at 371. Also, Black's counsel used the AIR to impeach Young.

Black also argues that admission into evidence of the AIR was in violation of Fed. R. Evid. 801(d)(1)(B). He cites United States v. Bolick, 917 F.2d 135 (4th Cir. 1990), as support. As noted by the

_____

*At trial Black's counsel objected to the entry of the AIR because, "[t]he witness [Young] has already testified to this information." (Joint appendix "J.A." at 48).

Government, however, because Black did not object to admission of the report on this basis, we review only for plain error. See Fed. R. Evid. 103(a)(1); Fed. R. Crim. P. 52(b).

In Bolick, a government agent testified at trial to information he had received from three confidential informants, who thereafter testified as government witnesses. "The government's case against Bolick relied exclusively on the observations of three witnesses [confidential informants] who were present when Bolick allegedly supplied . . . the cocaine . . . ." 917 F.2d at 136. Therefore, in Bolick we determined that the error in failing to obey the requirements of Rule 801(d)(1)(B) constituted reversible error because "the government's entire case against Bolick" consisted of peremptorily bolstered statements from declarants whose "character for veracity . . . was extremely doubtful." 917 F.2d at 140. In the present matter, however, no government agent was used to bolster an inherently suspect witness prior to impeachment. Rather, the Government merely introduced the AIR--which Young himself had completed--into evidence following his direct testimony. See also Ross v. Saint Augustine's College, 103 F.3d 338, 342 (4th Cir. 1996) (distinguishing Bolick when witness was not particularly suspect, the statements at issue were corroborated by other evidence, and the witness was subject to cross examination). Thus, we do not find admission of the AIR was plain error under Rule 801(d)(1)(B).

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4